IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMPULSIVE MUSIC, EMI FULL KEEL MUSIC CO., EMI APRIL MUSIC INC., PERREN VIBES MUSIC INC., UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., ALMO MUSIC CORPORATION, GREEN DAZE MUSIC, WB MUSIC CORP., AND SWEET CITY RECORDS, INC. (BEMA MUSIC CO. DIVISION),<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>HILL BOYS, INC., THOMAS BRETH AND LARRY GOETTLER,<br><br>　　　　　Defendants. | No. 07-cv-00312 |

## STIPULATED MOTION FOR FINAL JUDGMENT ON CONSENT

WHEREAS, this action was instituted against the Defendants to recover damages for alleged copyright infringements; and

WHEREAS, the Complaint in the above-captioned action having been filed on March 13, 2007, and the Defendants Hill Boys, Inc., Thomas Breth and Larry Goettler (collectively "Defendants") having each been served with the Complaint on March 16, 2007; and

WHEREAS, the parties having agreed that the Court may find: (1) that Plaintiffs were, on the dates alleged in Schedule A to the Complaint, the respective owners of valid copyrights in the seven (7) songs listed on Schedule A to the Complaint; (2) that Plaintiffs' songs were performed publicly at Defendants' establishment known as The Brickhouse in Butler, Pennsylvania on the night of January 26-27, 2007, without permission of the Plaintiffs or license from their performing rights licensing organization, the American Society of Composers,

00786313.DOC

Authors and Publishers ("ASCAP"); (3) that at all relevant times, Defendants owned and operated The Brickhouse, located at 112-118 South Main Street, Butler, PA 16001; (4) that such performances of Plaintiffs' copyrighted songs were willful infringements of Plaintiffs' copyrights; and (5) that there is a danger that such infringing conduct will continue thereby causing irreparable injury to Plaintiffs for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct; and

WHEREAS, the Court having adopted the foregoing findings; and

WHEREAS, the parties having further agreed that the Court may enter judgment based on the foregoing findings, and that this action may be settled on the terms set forth below.

It is hereby ORDERED, ADJUDGED, AND DECREED:

1.  Defendants are enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at The Brickhouse in Butler, Pennsylvania, or at any other facility owned, operated, or conducted by Defendants, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed, or by license from ASCAP.

2.a.  Judgment is hereby entered against Defendants, jointly and severally, and in favor of Plaintiffs in the amount of $11,000.00 ("the Judgment Amount"); provided, however, that this judgment shall be satisfied upon Defendants' payment of $8,000.00, as set forth in subparagraph 2.b. below.

2.b.     Defendants shall pay to ASCAP, on behalf of Plaintiffs, the sum of $8,000.00 ("the Settlement Amount"), in strict accordance with the following schedule: The first payment shall be in the amount of $4,000.00 and shall be due by May 1, 2007. The second and last payment shall be in the amount of $4,000.00 and shall be due by October 1, 2007.

2.c.     Both payments owed ASCAP pursuant to subparagraph 2.b. above shall be by certified check or cashier's check payable to the order of ASCAP, and delivered to David E. White, Esq. of the firm Thorp Reed & Armstrong, LLP at its offices at One Oxford Centre, 301 Grant Street, 14th floor, Pittsburgh, PA 15219-1425. Both payments shall be delivered so that they arrive no later than the due dates set forth in subparagraph 2.b. above.

3.      Contemporaneously with the execution of this Consent Judgment, ASCAP shall offer and, no later than May 1, 2007, Defendants shall accept and execute an ASCAP "General License Agreement - Restaurants, Taverns, Nightclubs, and Similar Establishments" for The Brickhouse at 112-118 South Main Street, Butler, PA 16001 ("ASCAP License") for the term commencing January 1, 2007, and renewable on January 1, 2008, and each subsequent year thereafter, and they shall comply with all of the terms and conditions of the ASCAP License, including the timely payment of license fees due under the ASCAP License for succeeding years. The applicable license fee rate for 2007 under the ASCAP License for The Brickhouse is $1,294.00, and such fee for 2007 is included in the Settlement Amount, pursuant to Paragraph 2 above.

4.      Upon timely receipt of the amounts owed pursuant to subparagraph 2.b. above, Defendants shall be deemed to have paid ASCAP an amount representing license fees for The Brickhouse for all periods through December 31, 2007, and an additional sum in settlement of

-3-

the infringement claims alleged in the Complaint. Plaintiffs shall thereupon cause to be filed a satisfaction of this judgment.

5.  In the event that Defendants shall default in making any payments provided for in Paragraph 2 above; or any of Defendants' checks tendered in payment of the Settlement Amount are dishonored by Defendants' bank for any reason (including, but not limited to, insufficient funds); or in the event that Defendants file for bankruptcy; or in the event that Defendants fail to give notice to ASCAP, as required by Paragraph 6 below; on (30) days notice of such default or other event, and provided such default is not cured within the thirty-day period, the Judgment Amount, plus attorneys' fees of $1,500.00 in consequence of such default, plus statutory interest accruing from the date of entry of this Consent Judgment, less any payments made by Defendants pursuant to Paragraph 2 above, shall become due; and Plaintiffs may pursue all remedies provided by law to collect the balance of the Judgment Amount.

6.  In the event that Defendants enter into or execute a contract for the sale, transfer or assignment of the assets of the business known as The Brickhouse in Butler, Pennsylvania, or its liquor license, during the period covered by the payment provisions of Paragraph 2 above, Defendants shall within ten (10) days of executing or entering into such a contract give notice to ASCAP of said pending contract and shall, in advance of such sale, transfer or assignment, cause arrangements to be made for the payment of any balance then owed pursuant to the terms of this Consent Judgment not later than the closing of such sale, transfer or assignment.

7.  Any notice required by Paragraph 6 hereof shall be sent to ASCAP, by regular mail or recognized overnight delivery service, addressed to ASCAP, 2690 Cumberland Parkway, Suite 490, Atlanta, GA 30339, Attention: Doug Jones. Any notice required by Paragraph 5 above shall be sent to Defendants, by regular mail or recognized overnight delivery service, with

a courtesy copy to their attorneys, addressed as follows: Thomas Breth, Esquire, Dillon McCandless, King, Coulter & Graham, LLP, 128 W. Cunningham Street, Butler, PA 16001.

We consent to entry of the foregoing Consent Judgment

By: _____ Dated: 5/15/07
David E. White
Thorp Reed & Armstrong, LLP
One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
412/394-2343
**ATTORNEYS FOR PLAINTIFFS**

**HILL BOYS, INC.**

By: _____ Dated: 5.10.07
Thomas Breth, its President

By: _____ Dated: 5-10.07
Thomas Breth, individually

By: _____ Dated: 5-10-07
Larry Goettler, individually

**SO ORDERED:**

Dated: 5/17/07    _____
                  JUDGE, UNITED STATES DISTRICT COURT